600 S.E.2d 201

**RALEIGH MINE & INDUSTRIAL SUPPLY, INC., and Teays, Inc., Petitioners Below, Appellants,**

v.

**William F. VIEWEG, Commissioner, West Virginia Bureau of Employment Programs, Worker's Compensation Division, Respondent Below, Appellee.**

**No. 31571.**

Supreme Court of Appeals of West Virginia.

Submitted: March 9, 2004.

Filed: June 15, 2004.

Robert P. Martin, Esq., Robert W. Compton, Esq., Campbell, Woods, Bagley, Emerson, Charleston, for Appellants.

William L. Ballard, Elizabeth A. Morgan, WV Bureau of Employment Programs, Charleston, for Appellee.

PER CURIAM.

In this case, we reverse a circuit court decision that upheld a decision by the worker's compensation commissioner to transfer funds from one employer account to another account. We remand the case for further proceedings.

I.

In the instant case, the appellants, Raleigh Mine & Industrial Supply, Inc. ("Raleigh") and Teays Incorporated ("Teays"), appeal from an order of the Circuit Court of Kanawha County that affirmed a July 21, 1999 Decision of the Executive Director of the West Virginia Division of Workers' Compensation ("the Division"). That Decision found that Raleigh was a successor employer to Teays, and approved the transfer of

$309,481.14 from the premium deposit account of Teays to the account of Raleigh.

The Division's action was based upon an alleged default by Raleigh, which occurred as a result of the Division's combination of Teays' and Raleigh's experience ratings, and subsequent recalculation of Raleigh's premium rate. The recalculated rate was higher than Raleigh's existing rate. The Division backdated the recalculated rate to the beginning of the year, thereby placing Raleigh in default. The Division then "cured" the default by transferring money from Teays' deposit account to Raleigh's deposit account, and then by applying money from Raleigh's deposit account to offset the amount of Raleigh's default.

The appellants have asserted several grounds in challenging the legality of the Division's actions. We have reviewed those grounds and find that one ground—due process—is dispositive in the appellants' favor. We therefore reverse the circuit court's ruling and remand this case for further proceedings.

## II.

■ *W.Va.Code,* 23–2–5(b) [1999] requires that employers who are alleged to have failed to maintain an adequate premium deposit receive a written notice from the Division:

> The commission shall, in writing, within sixty days of the end of each quarter notify all delinquent employers of their failure to timely pay premium taxes, to timely file a payroll report or to maintain an adequate premium deposit.

*Id.* (in part).

■ In *Mid–Eastern Geotech v. Lewis,* 173 W.Va. 485, 318 S.E.2d 428 (1984), this Court stated in the Syllabus:

> Where an employer required to subscribe and pay premiums to the West Virginia Workers' Compensation Fund was determined by the West Virginia Workers' Compensation Commissioner to be in default for failure to pay interest assessed for past due quarterly premium payments, and that employer received no notice of the interest assessment and, nevertheless, maintained its account with the workers'

compensation fund at the level required by law by way of the payment of premiums and the payment of periodic account deficiencies, that employer was entitled to notice in writing of its right, under the provisions of *W.Va.Code,* 23–2–5b [1983], to apply to the Commissioner for a settlement of the amount of the employer's default.

While the record is not entirely clear as to the detailed course of conduct by the Division and the appellants in the instant case, it is undisputed by the Division that the appellants—prior to the Division's actions that are challenged in this case—did not receive the due process written notice that is required by the statutes and our decision in *Mid–Eastern Geotech, supra.*

With respect to the written notice issue, the Division states in its brief that "any asserted bureaucratic bungling on the part of the Workers' Compensation Division, even if true, is largely irrelevant."

The appellants, on the other hand, state that "[t]he funds in dispute were in the possession of the State and adequate to pay the alleged delinquency and leave a substantial deposit for the next quarter. The Division could have held the funds or paid the same into an interest bearing escrow account until [the issues] were resolved as to Raleigh's delinquency. . . . The funds were not at risk. Therefore, the Division was not compelled to take unilateral action until full due process had been granted."

## III.

Of course, the Division has a duty to all of the employers in the State to assure that premiums are fully paid, and that "successor employer" situations are not manipulated to improperly avoid premiums. However, we cannot agree with the Division's suggestion that due process omissions are irrelevant.

We find that the reasoning of *Mid–Eastern Geotech* is applicable to the instant case. The twin objects of adhering to due process *and* the protection of the Division's interest in the funds in question may be accomplished by voiding the transfer decision, but allowing the Division to retain the funds in question in

escrow, while the Division furnishes the appellants with proper written notice and an opportunity to address the claimed default through the administrative process and judicial review if necessary.[1]

Reversed and Remanded.

McGraw, J., dissented and filed opinion.

---

1. Such procedures may involve legal issues that we do not address today—although they have been briefed by the parties in the instant case—relating to the extent of the Division's powers with respect to successor employers and combining experience ratings. We express no opinion on those issues.